# IN THE COURT OF APPEALS OF IOWA

No. 22-1269
Filed February 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHRISHANDIA MICHAEL WHITE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County,
David P. Odekirk, Judge.

A defendant appeals a sentence imposed following a plea of guilty to
fraudulent practice. **AFFIRMED.**

Patrick W. O'Bryan, Des Moines, for appellant.

Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney
General, for appellee.

Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

On April 18, 2022, Chrishandia White pled guilty to fraudulent practice in the first degree, in violation of Iowa Code section 714.8 and 714.9 (2020). The charge was premised on the roughly $20,000 White fraudulently obtained from the Iowa Finance Authority's rental assistance program during the COVID-19 pandemic.[1] The fraud included inventing names, Social Security numbers, and falsifying W-9 forms, which she submitted with each application for funds.

White's sentencing hearing was held July 18, 2022. She appeared without counsel. White's conviction carried a potential ten-year prison term. The State argued for White's sentence to be suspended and have her placed on probation for two-to-five years. White requested a deferred judgment. The court, citing the repeated nature of White's conduct and the severity of the crime, declined to grant a deferred judgment. Instead, after considering White's lack of criminal history, the court ordered a ten-year suspended sentence and placed White on probation.

White appeals, claiming the court abused its discretion by ordering a suspended sentence rather than a deferred judgment. In particular, she claims she was discriminated against on the basis of her race. She also claims a deferred judgment would be "more in line with sentences imposed for others who committed more serious crimes" than her.

"We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentence "within the statutory limits is cloaked

---

[1] White also filed applications for an additional $10,000, but those funds were never paid to her.

with a strong presumption in its favor." *Id.* White "must overcome the presumption in favor of the sentence by affirmatively demonstrating the court relied on an improper factor." *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020).

White has failed to demonstrate that the court relied on an improper factor. Specifically, White has failed to affirmatively demonstrate the district court relied on her race when it imposed a suspended sentence. Her appellate brief lacks citations to the record that the court ever considered her race.[2] There is perhaps an obvious reason for White's omission of citations to the record—nothing in the record suggests the district court considered her race, even tangentially, as a factor in its sentencing decision. Instead, the court expressly focused on the severity of the offense and the fact that White filed numerous fraudulent applications, evidence of her intent to defraud the state. The court also considered mitigating factors such as White's lack of criminal record. These are appropriate factors for a district court's consideration in fashioning a reasonable sentence. *See id.*

White also requests that we undertake a comparison of her sentence to those imposed in some other unspecified cases to determine that a deferred judgment would have been appropriate. We decline to do so. Our supreme court has prohibited drawing comparisons between distinct cases when comparing sentences. *See State v. Washington*, 832 N.W.2d 650, 656 (Iowa 2013). In any event, such a search would be contrary to our standard of review.

> The application of [sentencing factors] to an individual case, of course, will not always lead to the same sentence. Yet, this does not

---

[2] For that reason, we could consider her claim waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

mean the choice of one particular sentencing option over another constitutes error. Instead, it explains the discretionary nature of judging and the source of the respect afforded by the appellate process.

*Formaro*, 638 N.W.2d at 725. The district court considered the relevant factors and acted well within its discretion when it imposed a suspended sentence. We determine there was no abuse of discretion by the district court.

**AFFIRMED.**